IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL TAYLOR, | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00456 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JJACK KENNEDY, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Daniel Taylor, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, as well as a partial application to proceed *in forma pauperis*. (Dkt. No. 2.) The clerk of this court conditionally filed this action and directed Taylor to submit additional required financial information. (Dkt. No. 3.) To the extent that Taylor asks to proceed *in forma pauperis*, however, at least three of Taylor's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, even if Taylor could prove his indigence, Taylor may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Taylor's complaint alleges that Kennedy, who he identifies as the Clerk of the Circuit Court of Wise County, is refusing to properly process a complaint Taylor filed. Apparently, Taylor filed a case there, but Kennedy returned all paperwork to Taylor and judgment was entered against him. According to Taylor, Kennedy informed Taylor that he could not proceed *in forma pauperis*. Taylor asks that this court require Kennedy to file his complaint and all paperwork he sent to the state court. (*See generally* Dkt. No. 1.)

---

[1] *See Taylor v. Ely*, No. 7:20-cv-00446 (W.D. Va. Sept. 30, 2020) (dismissing for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)); *Taylor v. Fleming*, No. 7:17-cv-00099 (W.D. Va. Nov. 13, 2020) (dismissing for failure to state a claim); *Taylor v. Manis*, No. 7:20-cv-00121 (W.D. Va. Feb. 11, 2021) (same).

Notably, Taylor's complaint in this court does not contain any allegations that would support any finding that he is in imminent danger of serious physical injury. Indeed, he makes no allegations of physical injury at all. To invoke the exception of 1915(g), however, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson*, 200 F. App'x 270, 272 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *see also Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory"). Taylor has failed to allege anything that would allow his complaint to fall within the exception of § 1915(g).

As Taylor has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). In the event that Taylor pays the full filing fee within the next twenty days, the case will be reinstated on the active docket of the court. Otherwise, it will remain closed.

Entered: August 30, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge